Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Michael H. Chiang, Esq. (SBN 258787)
Email: michael@donigerlawfirm.com
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone (310) 590-1820
Facsimile (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>THE SWISS COLONY, INC. d/b/a MONROE & MAIN, a Wisconsin Corporation; GUNIT FASHION, INC., a New York Corporation; JES FOOTWEAR, L.L.C. d/b/a ANDIAMO, a Virginia Limited Liability Company; DOES 1 through 10,<br><br>Defendants. | Case No.: CV09-03681-SJO (RZx)<br><u>Honorable S. James Otero Presiding</u><br><br>**JOINT RULE 26(f) REPORT**<br><br>Conference Date: August 31, 2009<br>Conference Time: 8:30 a.m.<br>Courtroom: 880 |

### REPORT OF PARTIES' PLANNING MEETING

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedure

1

26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

THE PARTIES

Plaintiff and Defendant JES Footwear, LLC ("JES"), as set forth in the signature blocks below, have appeared through their respective Counsel of record and took part in an early meeting of counsel which took place on August 13, 2009.

Defendants Gunit Fashion, Inc. ("Gunit") and The Swiss Colony, Inc., as set forth in the signature blocks below, have not yet appeared in this action but participated in the early meeting of counsel.

A.  ADDITIONAL PARTIES

Should this case not be resolved soon, Plaintiff may name Monroe & Main, Inc. as an additional defendant. Plaintiff would further amend the pleadings only if new parties are discovered to have manufactured, purchased, distributed or sold the goods at issue in this case, or goods bearing an unauthorized copy of Plaintiff's designs.

B.  DISCOVERY AND EXPERTS

1. The parties agree that no change in the timing, form, or requirement for disclosures under Rule 26(a) should be made. The parties agree that the initial disclosures under Rule 26(a)(1) will be made on or before September 14, 2009 and will be served by mail or facsimile.

2. The parties agree that certain electronically stored information may be produced in either paper or .PDF format. The parties further agree that this case presents no unusual legal issues and agree to cooperate in good faith towards the entry of an appropriate protective order in the event that the aforementioned discovery involves confidential or sensitive information.

3.  The parties agree that at this time no other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).

4.  Without intending to be all inclusive or preclusive, and without in any way waiving the right of any party to object to discovery on any of the following topics, the parties anticipate the following subjects on which discovery may be needed:  prior sales of the designs and products at issue; each Defendant's net profits and expenses relating to the products and designs at issue; similarity of the designs and products at issue to preexisting registered items; the creation and production of the designs and products at issue; the first use of the designs and products at issue; any implied licenses relating to the designs and products at issue.

5.  All discovery will be conducted pursuant to the Federal Rules of Civil Procedure. The parties propose the following discovery and scheduling dates:

Trial Date: August 25, 2010

Pre-trial Conference Date: August 17, 2010

Last Day to Hear Motions: July 12, 2010

Expert Discovery Cutoff: July 6, 2010

Rebuttal Expert Reports: June 8, 2010

Initial Expert Reports: May 25, 2010

Discovery Cutoff: May 25, 2010

The parties do not believe discovery should be conducted in phases or otherwise ordered or limited.  However, the parties do note that, if the case is not resolved, discovery may entail depositions or similar procedures in the People's Republic of China and Italy.  Because of the expense and difficulties entailed in such procedures, the parties hope to defer such travel until the period beginning in December of 2009.

C.  ISSUES WHICH MAY BE RESOLVED BY SUMMARY JUDGMENT

1. **PLAINTIFF**

Plaintiff anticipates filing a Motion for Summary Judgment on the issue of Defendants' liability for copyright infringement and contributory copyright infringement.

2. **DEFENDANTS**

Defendant JES anticipates filing a Motion for Summary Judgment on the issues of Defendant's liability for copyright infringement and/or contributory copyright infringement.

D. <u>SETTLEMENT DISCUSSIONS TO DATE</u>

Plaintiff and all named Defendants have participated in initial settlement discussions and expect to resolve this matter. Two of the Defendants, JES and Gunit, have made settlement offers and have provided supporting profit documentation. Plaintiff is considering these offers. Should these settlement discussions prove unsuccessful, all Parties are amenable to utilizing Central District Settlement Procedure No. 1 under Local Rule 16-15.4.

E. <u>MANUAL FOR COMPLEX LITIGATION</u>

The parties do not contemplate this case to invoke any part of the complex litigation manual; thus, the parties do not propose any modifications of the procedures set forth in that manual for this particular action.

F. <u>TRIAL ESTIMATE / BIFURCATION / SEVERANCE</u>

The parties estimate the jury trial in this matter to last 4 Court days. The parties do not believe this case should be bifurcated or severed.

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Dated: August 17, 2009        By:    /s/ Michael H. Chiang
                                     Michael H. Chiang
                                     DONIGER / BURROUGHS APC
                                     Attorneys for Plaintiff

Dated: August 17, 2009        By:    /s/ William Morehead
                                     William Morehead
                                     GRODSKY & OLECKI LLP
                                     Attorneys for Defendant JES Footwear, LLC

Dated: August 17, 2009        By:    consents (not admitted to the California Bar)
                                     Dwight Yellen
                                     BALLON STOLL BADER & NADLER, PC
                                     Attorneys for Defendant Gunit Fashion, Inc.

Dated: August 17, 2009        By:    consents (not admitted to the California Bar)
                                     David Brezina
                                     LADAS & PARRY LLP
                                     Attorneys for Defendant The Swiss Colony, Inc.