Edouard V. Rosa, State Bar #108600
E-mail: evrosalaw@att.net
LAW OFFICES OF EDOUARD V. ROSA
28047 Dorothy Drive, Suite 305
Agoura Hills, California 91301
Telephone: (818) 735-0590
Facsimile: (818) 735-0594

and

David C. Brezina, IL Bar # 3121581
E-mail: dbrezina@ladas.net
LADAS & PARRY LLP
224 South Michigan Avenue
Chicago, Illinois 60604
Telephone: (312) 427-1300
Facsimile: (312)427-6663
Pro Hac Vice Application Pending

Attorneys for Defendant, Counter-Claimant
and Cross-Claimant
The Swiss Colony, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE SWISS COLONY, INC. d/b/a MONROE & MAIN, a Wisconsin Corporation; GUNIT FASHION, INC., a New York Corporation; JES FOOTWEAR, L.L.C. d/b/a ANDIAMO, a Virginia Limited Liability Company; DOES 1 through 10,<br><br>Defendants. | Case No.: CV09-03681-SJO (RZx)<br><br>*Honorable S. James Otero Presiding*<br><br>**ANSWER, COUNTERCLAIM AND CROSS-CLAIM OF THE SWISS COLONY, INC.**<br><br>DEMAND FOR JURY TRIAL [F.R. Civ. P. 38(b)] |

Answer to Complaint
1

Now comes Defendant The Swiss Colony, Inc. (hereafter "Swiss Colony") by its counsel and hereby Answers the Complaint as follows:

With respect to the allegations contained in the unnumbered paragraph under the title INTRODUCTION in the Complaint, Swiss Colony denies it has ever been a customer of Plaintiff and is without knowledge sufficient to admit or deny the remaining allegations and accordingly denies same leaving Plaintiff to its proofs.

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Swiss Colony admits the Complaint purports to allege a claim of Copyright Infringement and denies there is infringement.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, Swiss Colony admits that Copyright Infringement is a Federal question, and denies there is infringement.

3. Swiss Colony denies the allegations contained in Paragraph 3 of the Complaint.

4. Swiss Colony denies the allegations contained in Paragraph 4 of the Complaint.

5. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 5 and accordingly denies same leaving Plaintiff to its proofs.

6. Swiss Colony admits it is a Wisconsin corporation, but denies the allegations in Paragraph 6 that this Court has personal jurisdiction over Swiss Colony and Swiss Colony affirmatively states that the acts alleged were not performed by Swiss Colony and that contact with California arising out of the alleged Copyright infringement is de minimis.

7. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 7 and accordingly denies same leaving Plaintiff to its proofs.

8. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 8 and accordingly denies same leaving Plaintiff to its proofs.

9. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 9 and accordingly denies same leaving Plaintiff to its proofs.

10. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 10 and accordingly denies same leaving Plaintiff to its proofs.

11. Swiss Colony denies the allegations contained in paragraph 11 of the Complaint.

12. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 12 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

13. Swiss Colony admits Reg. No. VAu 751-468 appears to have an effective date of July 30, 2008 and is without knowledge sufficient to admit or deny the remaining allegations of paragraph 13 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

14. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 14 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

15. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 15 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

16. Swiss Colony admits that the cited section sets forth certain definitions and concepts regarding copyright infringement, but denies the characterization and the remainder of the allegations contained in Paragraph 16 of the Complaint.

17. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 17 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

18. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 18 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

19. Swiss Colony admits that Reg. No. VAu 739-490 appears to have an effective date of March 30, 2007 and is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 19 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

20. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

21. Swiss Colony denies the allegations contained in Paragraph 21 of the Complaint

22. Swiss Colony admits that the cited section sets forth certain definitions and concepts regarding copyright infringement, but denies the characterization and the remainder of the allegations contained in Paragraph 22 of the Complaint.

23. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 23 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

24. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 24 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

25. Swiss Colony repeats and realleges Paragraphs 1 - 24 as if fully set forth herein.

26. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 26 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

27. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 27 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

28. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 28 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

29. Swiss Colony denies infringement and is without knowledge sufficient to admit or deny the remainder of the allegations of Paragraph 29 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

30. Swiss Colony denies infringement and is without knowledge sufficient to admit or deny the remainder of the allegations of Paragraph 30 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

31. Swiss Colony denies infringement, denies it made a profit and is without knowledge sufficient to admit or deny the remainder of the allegations of Paragraph 31 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

32. Swiss Colony denies infringement, denies intent or willfulness, affirmatively states that it was innocent and is without knowledge sufficient to admit or deny the remainder of the allegations of Paragraph 32 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

33. Swiss Colony repeats and realleges Paragraphs 1 - 32 as if fully set forth herein.

34. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 34 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

35. Swiss Colony is without knowledge sufficient to admit or deny the allegations of Paragraph 35 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

36. Swiss Colony denies infringement and is without knowledge sufficient to admit or deny the remainder of the allegations of Paragraph 36 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

37. Swiss Colony denies infringement, denies it made a profit and is without knowledge sufficient to admit or deny the remainder of the allegations of Paragraph 37 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

38. Swiss Colony denies infringement, denies intent or willfulness, affirmatively states that it was innocent and is without knowledge sufficient to admit or deny the remainder of the allegations of Paragraph 38 of the Complaint and accordingly denies same leaving Plaintiff to its proofs.

39. Swiss Colony denies all allegations contained in the Complaint which are not specifically admitted herein.

FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

2. The Court lacks personal jurisdiction over Swiss Colony.

THIRD AFFIRMATIVE DEFENSE

3. Venue for Swiss Colony is not proper in the Central District of California.

FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, because the copyright registrations are invalid.

FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, because the copyrights are not infringed by anyone and Swiss Colony did not perform the acts alleged.

SIXTH AFFIRMATIVE DEFENSE

6. Swiss Colony, while it denies infringement, pleads in the alternative that if there was an infringement, it was an innocent infringer.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not damaged by the alleged infringement.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

10. The action is barred by the doctrine of waiver and estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Plaintiff has failed to sufficiently allege facts which demonstrate that its alleged copyrighted works contain sufficient originality to merit copyright protection.

### TWELFTH AFFIRMATIVE DEFENSE

12. Upon information and belief, the designs identified by the Plaintiff are not of the Plaintiff's own creation, or that Plaintiff is otherwise the owner of the works alleged to be infringed.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or in part because Plaintiff has failed to mitigate its damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part because Plaintiff has not alleged sufficient facts to warrant injunctive relief.

FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's copyright infringement claim is barred, in whole or in part, by the scenes a faire doctrine, because any similarities between the works are incapable of copyright protection.

SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims are barred, in whole or in part because Plaintiff's alleged copyrighted works are uncopyrightable because the ideas contained therein are inseparably tied to the particular expression displayed in the work.

SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's registrations are invalid and unenforceable as procured in violation of Plaintiff's duty to adequately disclose preexisting works to the Copyright Office and adequately describe the nature of authorship with sufficient particularity to determine the nature of the work(s), originality or authorship.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The acts alleged were not performed by Swiss Colony, by another on its behalf, were not directed by Swiss Colony and Swiss Colony did not directly profit by the acts.

NINETEENTH AFFIRMATIVE DEFENSE

19.     The action is barred by the applicable statute of limitations.

WHEREFORE, Defendant Swiss Colony, Inc. demands the following relief against Plaintiff in this action:

A.     Dismissal of United Fabric's Complaint with prejudice;

B.     That United Fabrics take and recover nothing therein;

C.     That Swiss Colony be awarded its attorney's fees and costs; and

D.     Any other relief to which Swiss Colony may appear entitled.

COUNTERCLAIM FOR DECLARATION OF COPYRIGHT INVALIDITY

1. This is a Counterclaim for a Declaration of invalidity of Copyrights purported to be owned by Counter defendant United Fabrics, Inc. ("United Fabrics").

2. Counter-claimant The Swiss Colony, Inc., ("Swiss Colony") is a Wisconsin corporation, having its principal place of business at 1207 7th Avenue, Monroe, Wisconsin 53566.

3. Counter-defendant United Fabrics ("United Fabrics") is, on information and belief, is a California corporation. United Fabrics is the proprietor of two copyright registrations which purport to reflect copyrightable works at issue herein.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as a Federal question, under 28 U.S.C. § 1338(a) because this action arises under the copyright laws of the United States, and under 28 U.S.C. § 2201 because it involves an actual controversy concerning claims of copyright invalidity and noninfringement.

5. Venue is appropriate in the Central District of California because the underlying action is pending in this Court.

COUNT I INVALIDITY OF COPYRIGHT REG. NO. VAu 751-468

6. Swiss Colony repeats and realleges paragraphs 1 - 5 as if fully set forth herein.

7. On July 30, 2007 United Fabrics signed and submitted, under oath pursuant to 17 USC 506 (a), to the Copyright Office, a copyright application which was registered as Reg. No. VAu 751-468.

8. Reg. No. VAu 751-468 purports to register as a single work of authorship what is in fact a "collection" of works that should have been individually registered to be individually enforceable and said registration was done for the purpose of depriving the Copyright Office of individual filing fees.

9. Reg. No. VAu 751-468 is invalid because the underlying work is not an original work of authorship under 17 U.S.C. 102.

COUNT II INVALIDITY OF COPYRIGHT REG. NO. VAu 739-400

10. Swiss Colony repeats and realleges paragraphs 1 - 5 as if fully set forth herein.

11. On March 30, 2007 United Fabrics signed and submitted, under oath pursuant to 17 USC 506 (a), to the Copyright Office, a copyright application which was registered as Reg. No. VAu 739-400.

12. Reg. No. VAu 739-400 purports to register as a single work of authorship what is in fact a "collection" of works that should have been individually registered to be individually enforceable and said registration was done for the purpose of depriving the Copyright Office of individual filing fees.

13. Reg. No. VAu 739-400 is invalid because the underlying work is not an original work of authorship under 17 U.S.C. 102.

WHEREFORE COUNTER-CLAIMANT PRAYS:

1. The single alleged work "Skye" and/or "Kristen" be declared uncopyrightable.

2. The single alleged work "Celeste" be declared uncopyrightable.

3. Copyright Registration No. VAu 751-468 be declared invalid.

4. Copyright Registration No. VAu 739-400 be declared invalid.

5. Copyright Registration No. VAu 751-468 be declared unenforceable.

6. Copyright Registration No. VAu 739-400 be declared unenforceable.

7. Swiss Colony be awarded its damages, lost profits, expenses, interest, costs, and attorneys' fees incurred in defending the underlying Copyright infringement case.

CROSS-CLAIM OF SWISS COLONY AGAINST GUNIT FASHION, INC. AND JES FOOTWEAR, L.L.C.

1. Cross-claimant Swiss Colony, Inc. is a Wisconsin corporation, having its principal office at 1112 7th Avenue, Monroe, Wisconsin 53566 that owns a number of subsidiaries and affiliated companies. For the purposes of this Cross-Claim and

without admission of direction or profit or other liability in the case in chief, this Swiss Colony family of companies, or one or more of them, will be referred to as "SWISS COLONY".

2.   Cross- Defendant, Gunit Fashion, Inc., ("GUNIT") is a New York corporation, having its principal office at 1400 Broadway, # 708, New York, NY 10018.

3.   Cross- Defendant, JES Footwear, L.L.C., d/b/a Andiamo ("JES FOOTWEAR") is a Virginia limited liability company having its principal office at 4710 John Scott Dr., Lynchburg, VA  24503-0000.

4.   This is an action over which the District Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the pleadings of the Plaintiff alleges amounts exceeding the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.   This Action arises out of a Copyright infringement action pending before this Court in which SWISS COLONY and Cross-defendants are all defendants and in which Cross-defendants are participating.

6.   Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) because the events giving rise to the claim are occurring in this judicial district.

7.   SWISS COLONY purchased product from each of the Cross-defendants, which products form the basis of the Copyright infringement claims as set forth below.

COUNT I - BREACH OF WARRANTY OF TITLE AND AGAINST INFRINGEMENT UNDER §2-312 OF THE UNIFORM COMMERCIAL CODE BY GUNIT FASHION, INC.

8.   SWISS COLONY incorporates paragraphs 1-7 of its Cross-Claim by reference as paragraph 8, as if fully set forth herein.

9.    GUNIT is a merchant that regular deals in products such as the GRAPHIC PRINT TOP AND DRESS.

10.    GUNIT sold the GRAPHIC PRINT TOP AND DRESS to SWISS COLONY.

11.    The distribution of the GRAPHIC PRINT TOP AND DRESS by SWISS COLONY resulted in the underlying Copyright Infringement claim wherein United Fabrics claims that the GRAPHIC PRINT TOP AND DRESS provided by SWISS COLONY infringed its Copyright.

12.    SWISS COLONY has suffered and will suffer significant damages as a result of the Infringement Litigation, including Copyright infringement damage exposure, attorneys fees and costs.

13.    SWISS COLONY has requested and GUNIT has constructively refused SWISS COLONY'S request for reimbursement of these damages.

14.    GUNIT's actions violate Section 2-312 of the Uniform Commercial Code, entitled the Warranty of Title and Against Infringement; Buyer's Obligation Against Infringement.

COUNT II - BREACH OF EXPRESS WARRANTY UNDER §2-313 OF THE UNIFORM COMMERCIAL CODE BY GUNIT FASHION, INC.

15.    SWISS COLONY incorporates paragraphs 1-14 of its Cross-Claim by reference as paragraph 15, as if fully set forth herein.

16.    Before supplying the GRAPHIC PRINT TOP AND DRESS to SWISS COLONY, GUNIT agreed to SWISS COLONY'S standard Terms and Conditions including an obligation that the GRAPHIC PRINT TOP AND DRESS would conform to laws and regulations, would be merchantable and otherwise would be salable and usable for their intended purpose.

17.    This promise constituted an express warranty.

18. The warranty formed the basis of the bargain between SWISS COLONY and GUNIT. As a result of this warranty, SWISS COLONY purchased the GRAPHIC PRINT TOP AND DRESS.

19. These obligations have been breached in the event the GRAPHIC PRINT TOP AND DRESS infringe any third party intellectual property rights, in violation of Section 2-313 of the Uniform Commercial Code, entitled the Express Warranties by Affirmation, Promise, Description, Sample.

20. GUNIT's violations have caused SWISS COLONY significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

COUNT III - BREACH OF EXPRESS CONTRACTUAL
DUTY TO INDEMNIFY AND DEFEND BY GUNIT FASHION, INC.

21. SWISS COLONY incorporates paragraphs 1-20 of its Cross-Claim by reference as paragraph 21 as if fully set forth herein.

22. The sale of the GRAPHIC PRINT TOP AND DRESS by GUNIT to SWISS COLONY was made pursuant to SWISS COLONY'S Purchase Orders and standard Terms and Conditions which includes a duty to pay for the defense and to indemnify SWISS COLONY against claims asserted by any third party based on intellectual property rights.

23. SWISS COLONY has requested and GUNIT has constructively refused SWISS COLONY'S request for defense and indemnification.

24. GUNIT's violations have caused SWISS COLONY significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

COUNT IV - BREACH OF IMPLIED CONTRACTUAL
INDEMNIFICATION OF BY GUNIT FASHION, INC.

25. SWISS COLONY incorporates paragraphs 1-24 of its Cross-Claim by reference as paragraph 25, as if fully set forth herein.

Answer to Complaint
13

26. GUNIT entered into a contractual relationship under which it agreed to supply WALL ART PRODUCTS to SWISS COLONY.

27. As a result of this relationship, SWISS COLONY purchased the GRAPHIC PRINT TOP AND DRESS.

28. The GRAPHIC PRINT TOP AND DRESS were, on information and belief, obtained by GUNIT from an overseas supplier.

29. GUNIT failed to ascertain whether or not the overseas supplier was providing original WALL ART PRODUCTS or WALL ART PRODUCTS produced with permission from a Copyright proprietor.

30. GUNIT's actions violate its common law duty of indemnification.

31. GUNIT's violations have caused SWISS COLONY significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

COUNT V - BREACH OF WARRANTY OF TITLE AND AGAINST INFRINGEMENT UNDER §2-312 OF THE UNIFORM COMMERCIAL CODE BY JES FOOTWEAR, LLC.

32. SWISS COLONY incorporates paragraphs 1-31 by its Cross-Claim by reference as paragraph 32, as if fully set forth herein.

33. JES FOOTWEAR is a merchant that regular deals in products such as the CONCERT BAG AND SHOES.

34. JES FOOTWEAR sold the CONCERT BAG AND SHOES to SWISS COLONY.

35. The distribution of the CONCERT BAG AND SHOES by SWISS COLONY resulted in the underlying Copyright Infringement claim wherein United Fabrics claims that the CONCERT BAG AND SHOES provided by SWISS COLONY infringed its Copyright.

36.   SWISS COLONY has suffered and will suffer significant damages as a result of the Infringement Litigation, including Copyright infringement damage exposure, attorneys fees and costs.

37.   SWISS COLONY has requested and JES FOOTWEAR has constructively refused SWISS COLONY'S request for reimbursement of these damages.

38.   JES FOOTWEAR's actions violate Section 2-312 of the Uniform Commercial Code, entitled the Warranty of Title and Against Infringement; Buyer's Obligation Against Infringement.

COUNT VI  - BREACH OF EXPRESS WARRANTY UNDER §2-313 OF THE UNIFORM COMMERCIAL CODE BY JES FOOTWEAR, LLC.

39.   SWISS COLONY incorporates paragraphs 1-38 of its Cross-Claim by reference as paragraph 39, as if fully set forth herein.

40.   Before supplying the CONCERT BAG AND SHOES to SWISS COLONY, JES FOOTWEAR agreed to SWISS COLONY'S standard Terms and Conditions including an obligation that the CONCERT BAG AND SHOES would conform to laws and regulations and otherwise would be salable.

41.   This promise constituted an express warranty.

42.   The warranty formed the basis of the bargain between SWISS COLONY and JES FOOTWEAR.  As a result of this warranty, SWISS COLONY purchased the CONCERT BAG AND SHOES.

43.   These obligations have been breached in the event the CONCERT BAG AND SHOES infringe any third party intellectual property rights in violation of Section 2-313 of the Uniform Commercial Code, entitled the Express Warranties by Affirmation, Promise, Description, Sample.

44.   JES FOOTWEAR's violations have caused SWISS COLONY significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

COUNT VII - BREACH OF EXPRESS CONTRACTUAL DUTY TO INDEMNIFY AND DEFEND BY JES FOOTWEAR, INC.

45. SWISS COLONY incorporates paragraphs 1-44 of its Cross-Claim by reference as paragraph 45 as if fully set forth herein.

46. The sale of the CONCERT BAG AND SHOES by JES FOOTWEAR to SWISS COLONY was made pursuant to SWISS COLONY'S Purchase Orders and standard Terms and Conditions which includes a duty to pay for the defense and to indemnify SWISS COLONY against claims asserted by any third party based on intellectual property rights.

47. SWISS COLONY has requested and JES FOOTWEAR has constructively refused SWISS COLONY'S request for defense and indemnification.

48. JES FOOTWEAR's violations have caused SWISS COLONY significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

COUNT VIII - BREACH OF IMPLIED CONTRACTUAL INDEMNIFICATION BY JES FOOTWEAR, LLC.

49. SWISS COLONY incorporates paragraphs 1-48 of its Cross-Claim by reference as paragraph 49, as if fully set forth herein.

50. JES FOOTWEAR entered into a contractual relationship under which it agreed to supply CONCERT BAG AND SHOES to SWISS COLONY.

51. As a result of this relationship, SWISS COLONY purchased the CONCERT BAG AND SHOES.

//
//
//
//
//
//

52. The CONCERT BAG AND SHOES were, on information and belief, obtained by JES FOOTWEAR from an overseas supplier.

53. JES FOOTWEAR failed to ascertain whether or not the overseas supplier was providing original CONCERT BAG AND SHOES produced with permission from a Copyright proprietor.

54. JES FOOTWEAR's actions violate its common law duty of indemnification.

55. JES FOOTWEAR violations have caused SWISS COLONY significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

WHEREFORE, SWISS COLONY respectfully requests that this Court:

A. enter judgment in favor of SWISS COLONY and against GUNIT, that SWISS COLONY be awarded its damages as a result of GUNIT's breach, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that SWISS COLONY'S ongoing fees and costs to defend be paid and such other relief the Court believes is equitable and just;

//
//
//
//
//
//
//
//
//
//
//
//

B. enter judgment in favor of SWISS COLONY and against JES FOOTWEAR, that SWISS COLONY be awarded its damages as a result of JES FOOTWEAR's breach, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that SWISS COLONY'S ongoing fees and costs to defend be paid and such other relief the Court believes is equitable and just.

LAW OFFICES OF EDOUARD V. ROSA
LADAS & PARRY LLP

Dated: August 19, 2009      By _____
Edouard V. Rosa
David C. Brezina (Pro Hac Vice pending)
Attorneys for Defendant, Counter-Claimant and Cross-Claimant
THE SWISS COLONY, INC.

DEMAND FOR JURY TRIAL. Defendant, Counter-Claimant and Cross-Claimant hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

LAW OFFICES OF EDOUARD V. ROSA
LADAS & PARRY LLP

Dated: August 19, 2009      By _____
Edouard V. Rosa
David C. Brezina (Pro Hac Vice pending)
Attorneys for Defendant, Counter-Claimant and Cross-Claimant
THE SWISS COLONY, INC.